UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN E. BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1015 |
| ) | |
| J.R. WALLS, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is now before the Court on Petitioner, Shawn Bell's ("Bell"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#9] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

**BACKGROUND AND PROCEDURAL HISTORY**

In May 2000, Bell was convicted of home invasion, aggravated battery, and unlawful possession of a firearm by a felon following a jury trial in the Circuit Court of Peoria County. He was sentenced to 25 years' imprisonment. His conviction and sentence for home invasion and unlawful possession of a firearm by a felon were affirmed by the Illinois Appellate Court on February 6, 2002, but his conviction for aggravated battery was vacated. Bell did not file a petition for rehearing, affidavit of intent to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court, or PLA.

On August 2, 2002, Bell filed a post-conviction petition with the Circuit Court under the Illinois Post-Conviction Hearing Act. The petition was denied on November 5, 2002. Bell appealed, and the Illinois Appellate Court affirmed the Circuit Court's ruling on March

31, 2004. Again, Bell failed to file a petition for rehearing, affidavit of intent to file a PLA to the Illinois Supreme Court, or PLA.

Bell then filed a second post-conviction petition on November 12, 2004, which proceeded to an evidentiary hearing but was ultimately denied. On May 4, 2007, the Illinois Appellate Court affirmed the ruling of the circuit court. Bell then filed a PLA to the Illinois Supreme Court. His PLA was denied on September 26, 2007.

Bell now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially three arguments: (1) he is actually innocent of the crime of home invasion; (2) he received ineffective assistance of trial counsel; and (3) his appellate counsel was ineffective. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Bell alleges that he is entitled to relief because of errors purportedly made by his attorneys and that he is actually innocent. Bell makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Bell's direct appeal became final on February 27, 2002, when the 21-day filing period for pursuing a PLA to the Illinois Supreme Court expired, and his clock began to run on that day.[1] A total of 156 days elapsed between the time Bell's conviction became final and the filing of his first post-conviction petition on August 2, 2002. The filing of his first post-conviction petition tolled the limitations period until April 20, 2004, when the time period for filing a PLA from the denial of that petition expired.[2] Additional time elapsed between April

---

[1] The Court notes that Illinois Supreme Court Rule 315(b) was amended to extend the time period for filing the PLA to 35 days in 2007. However, at the time that Bell's direct appeal was pending, the 21-day time limit governed and will be applied here.

[2] The question of whether the 21-day period for filing a PLA following the denial of a post-conviction petition tolls the limitations period has not been definitively decided in the Seventh Circuit. See Fernandez v. Sternes, 227 F.3d 977, 979-980 (7th Cir. 2000). For purposes of resolving this Petition, the Court will construe the issue in the light most favorable to Bell and assume that the 21-day period tolls the limitations period.

21, 2004, and the filing of Bell's second post-conviction petition on November 12, 2004, adding another 205 days to the count. Finally, Bell's PLA on his second post-conviction petition was denied by the Illinois Supreme Court on September 26, 2007, and another 87 days elapsed prior to the filing of this Petition. Accordingly, the untolled time elapsed between the time Bell's appeal became final and the filing of the present Petition for federal habeas relief was 448 days, which exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition will be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#9] is GRANTED, and Bell's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED as untimely. This matter is now terminated.

ENTERED this 18th day of August, 2008.

                                  s/ Michael M. Mihm
                                  Michael M. Mihm
                                  United States District Judge